Daniel G. Albert, J.
In' this proceeding pursuant to article 78 of the CPLR, the petitioners, probation officers with permanent status in the Nassau County Probation Department, question the authority of the respondent, Thomas F. McCoy, as State Administrator of the Judicial Conference of the State of New York, to exercise jurisdiction over the examinations for positions in the Probation Department and the reasonableness of the eligibility requirements fixed by him for the promotion examination that was to be conducted on November 18, 1967 for the position of Supervising Probation Officer. Specifically, petitioners urge: that the Nassau County Probation Department is not a part of the unified court system of the State of New York; that the reduction in eligibility requirements for candidates from those specified in Exhibit B (Nassau County Civil Service Commission notice of examination, dated December 15, 1962) to those specified in Exhibit A (announcement for written test on November 18, 1967 of Administrative Board of *661 the Judicial Conference) so that persons with less experience and training would be eligible, would result in placing supervision in the hands of persons who were not qualified, and would increase from 36 to 80 the number of probation officers eligible to take the examination.
Examination of the papers submitted and of the law satisfied the court that the Administrative Board has jurisdiction over the subject matter and that it was not unreasonable for it, through its administrator, to adopt the requirements for the position as revealed in Exhibit A.
The Nassau County Probation Department was created by section 1 of chapter 753 of the Laws of 1950. As set forth in section 938-d of the Code of Criminal Procedure, the department was to be under the supervision of the County Judges and the Judge of the Children’s Court. A majority of those Judges appointed the head of the department and his two deputies and all other appointments in the department were subject to the approval of said Judges. In 1964 (L. 1964, ch. 583) the statute was amended to substitute the Family Court Judges for the Children’s Court Judge and the number of deputy directors of probation was increased to three. Another amendment (L. 1964, ch. 689) provided that the senior County Court Judge and Family Court Judge would approve “ Payroll certifications, forms relating to personnel changes and administrative reports or forms relating to such probation department ’ ’.
Section 1 of article VI of the New York State Constitution, effective September 1, 1962, provided that “ There shall be a unified court system for the state.” Among the courts expressly included in said system are the County Courts and Family Courts of the State. Effective the same date, September 1, 1962, was section 28 of article VI, which provides for administrative supervision of the unified court system by the Administrative Board of the Judicial Conference. The Administrative Board was and is charged with the responsibility for establishing “standards and administrative policies for general application throughout the state.” Since the County Court and the Family Court arc in the unified court system, it follows that the administration of the various departments subject to the direction or control of those courts is now the responsibility of the Administrative Board through the respondent State Administrator. That responsibility includes determination of the eligibility requirements for the positions in those departments.
*662 nm ■' J1' ~ ~ 11 1 "itent of the Legislature in enacting Administration ”, is further evidenced by the published report to the Legislature of the Joint Legislative Committee on Court Reorganization (with whom this court had more than a passing acquaintance), wherein, on January 30, 1962, while the proposed new judiciary article was under consideration, the statement was made at page 7 of said report: “ In the all important area of auxiliary court services, such as probation, the Administrative Board is empowered to direct the operation and administration of such services in the judicial departments separately, or jointly in two or more departments. Here again, power will be given to the courts themselves to decide how to deal with such administrative problems, and to develop with flexibility their administrative policies and techniques from time to time in the light of accumulating experience.” (Emphasis supplied.) Judiciary Law entitled “Judicial
As part of the same report, quoted supra, at page 15 thereof, the committee set forth the proposed new legislative article, and it is important to note that section 218 thereof, entitled “ Co-ordination of auxiliary services ” as proposed was subsequently enacted into law by the Legislature without change, and became effective September 1, 1962. This section reads: ‘ ‘ There shall be such co-ordination of auxiliary services among the courts of the several judicial departments as the administrative board may direct or the respective appellate divisions, consistent with the standards and policies established by the administrative board, may determine.”
With respect to the change in the eligbility requirements for the position of Supervising Probation Officer, the petitioners have not shown that there is no reasonable basis for the change. The board has adopted similar eligibility requirements for the same position within the unified court system of New York City. The needs of the department, the number of vacancies in the position, and the experience ■ of the Administrator as to the minimum qualifications of those who may be reasonably expected to do the work of the position may well support a revision of the requirements from those of the Nassau County Civil Service Commission in 1962. The fact that some candidates, such as the petitioners, with greater experience and training than other candidates, may have more competition on the examination than they expected is not a persuasive reason for barring a revision of the eligibility standards. Obviously, if the greater training and experience means as much as the petitioners contend, that fact will be reflected in the results *663 of the examination and the position of the petitioners on the list of successful candidates. The power of the respondent administrator to fix qualifications for positions in the unified court system and to change them at any time was recognized in Matter of Conlon v. McCoy (27 A D 2d 280). This court cannot hold that the respondent administrator has abused that power.
Petition dismissed.