■ In the Matter of ROBERT C. CROWLEY et al., Appellants, v. LOUIS J. MILONE, as Director of the Nassau County Probation Department, et al., Respondents.— Judgment of the Supreme Court, Nassau County, dated February 6, 1968, affirmed, with one bill of $10 costs and disbursements to respondents jointly, on the opinion of Special Term. (See, also, *Matter of Goldstein* v. *Lang,* 16 N Y 2d 735; *Matter of Chase* v. *Falk,* 8 A D 2d 655, affd. 7 N Y 2d 817.) Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur. [55 Misc 2d 660.]

■ In the Matter of HINDS-TOOMEY AUTO CORP., Petitioner, v. COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.— Proceeding pursuant to article 78 of the CPLR to review and annul respondent's determination dated January 30, 1968 and made after a hearing, which suspended for 10 days petitioner's license as a dealer in motor vehicles. Determination confirmed and proceeding dismissed, without costs. Petitioner, admittedly not franchised to sell new motor vehicles, maintained signs on its premises reading " USED CADILLACS NEW ". Its license was suspended on a finding that such signs violated subdivision (c) of section 78.26 of respondent's regulations (15 NYCRR 78.26 [c]), which prohibited as misleading advertising the " maintenance or erection of signs which would tend to indicate that the premises occupied by a dealer's place of business are being used or occupied by a dealer franchised to sell new motor vehicles, when in fact the dealer is not so franchised ". In our opinion that determination was supported by substantial evidence, had a reasonable basis in law, and was neither arbitrary nor capricious (cf. *Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 75; *Matter of Shell Cr. Sailing Club* v. *Board of Zoning Appeals of Town of Hempstead,* 20 N Y 2d 841). Christ, Acting P. J., Rabin, Hopkins and Kleinfeld, JJ., concur; Brennan, J., not voting.