J. Robert Lynch, J.
The defendants have moved pursuant to CPLR 3211 (subd. [a]) to dismiss the complaint herein on the grounds that it does not state a cause of action and that res judicata is a valid defense.
The plaintiff was an Assistant Director of the Onondaga County Probation Department. On August 12, 1968 she was served with a statement of charges of misconduct and a notice that pending the determination of the charges she was suspended without pay for an indefinite period, but not to exceed 30 days (22 NYCRR 25.32 [c] [1]). The Appellate Division, Fourth Department, appointed a deputy to take testimony on the charges and to make recommendations concerning them (22 NYCRR 25.32 [b]).
In his report the deputy recommended that the plaintiff be demoted to Probation Officer. Seemingly because he had decided that the plaintiff had not reported for work upon the expiration of 30 days after her suspension commenced, he also recommended that she forfeit her pay for the entire period. Reviewing the record and the report, the Appellate Division found it ‘1 appropriate ’ ’ only to demote the plaintiff to the grade and title of Probation Officer. This was ordered on February 20,1969. (Matter of Szymborski, 31 A D 2d 309.)
The plaintiff was not paid from August 12, 1968 to February 20, 1969 from which date she has since received the starting salary of a Probation Officer.
The complaint alleges two causes of action. First, the plaintiff seeks to recover the pay alleged to have come due during her suspension. Second, seeking a declaration that since February 20, 1969 she has been entitled to the number of salary increments over the base pay as correspond with her years of service *181 both as a Probation Officer and as an Assistant Director, she seeks to recover the difference.
The defendants revert to the Appellate Division’s deputy’s statement that the plaintiff did not present herself for work 30 days after August 12,1968 and should for that reason forfeit her pay. The defendants argue that this is res judicata of the first cause of action.
The argument is plainly without merit. The defendants have had to do violence to the facts even to put the argument in terms favorable to them. Their affidavit states that the deputy “ordered” the plaintiff to forfeit her pay when in fact all that he could do, and all that he did do, was to recommend it. It states that the Appellate Division “affirmed” this ‘ ‘ order ’ ’ when in fact it ignored it.
The deputy’s mandate ran only to the issues posed by the charges and these concerned the plaintiff’s conduct antedating August 12, 1968. Any testimony regarding the plaintiff’s conduct 30 days after August 12th would have been as irrelevant to the hearing as findings thereon would be beyond the scope of the deputy’s authority. Such conduct not being in issue, findings thereon (if they can be deemed such) were ignored by the Appellate Division. Such conduct not being in issue, a recommendation thereon, not acted upon by the Appellate Division, cannot be res judicata of the issues presented by the first cause of action. (See Darraugh v. Carrington, 50 N. Y. S. 2d 481, affd. 270 App. Div. 932, mot. for lv. to app. den. 270 App. Div. 1014.)
For the same reason — that the issues presented by the plaintiff’s first cause of action were neither included in nor concluded by the decision of the Appellate Division — her failure to appeal therefrom does not constitute an estoppel. An independent action for the wages is proper (Matter of Bentley v. Henninger, 10 A D 2d 900).
The plaintiff’s second cause of action is based upon the assumption that her increment rights are governed by section 131 of the Civil Service Law. We find it unnecessary to determine if the rights that she claims in her complaint are commensurate with the rights granted by the section because we find that the section is not applicable to her.
The Onondaga County Probation Department finds its genesis in the Code of Criminal Procedure (Code Grim. Pro., § 928). The salaries of its staff are fixed by the County Board of Supervisors, now the County Legislature (Code Grim. Pro., § 929). Since an increment is an addition to salary given upon a certain *182 condition (Greenway v. Board of Educ. of City of Camden, 129 N. J. L. 461), the right to give increments is inherently part of the right to fix salaries. Onondaga County has elected to grant increments on the basis of merit and not on the basis of years of service alone. (See Salary Plan for the County of Onondaga, Board of Legislators, Resolution 246 dated August 6, 1968.)
This source of the plaintiff’s pay and the control over it has not been changed despite the unification of the State’s court system (N. Y. Const., art. VI, § 1) and the consequent extension of authority over the various county probation departments by the Administrative Board of the Judicial Conference. (See Matter of Crowley v. Milone, 55 Misc 2d 660, affd. 31 A D 2d 928.) The Constitution authorizes this retention of financing in the counties insofar as it is not done by the State in the first instance (N. Y. Const., art. VI, § 29). While the Administrative Board intends to negotiate a pay plan in each fiscal jurisdiction (22 NYCRR 25.4), it has not done so yet in Onondaga County. In the meantime it has elected to operate through the pertinent local authority (22 NYCRR 25.3).
The motion to dismiss the first cause of action is denied. The motion to dismiss the second cause of action is granted.