In the Matter of EDNA BOWNE et al., Appellants, v. COUNTY OF NASSAU et al., Respondents.

Second Department, July 8, 1974.

*William D. Friedman* for appellants.

*Joseph Jaspan, County Attorney* (*William S. Norden, Natale C. Tedone* and *James N. Gallagher* of counsel), for County of Nassau and others, respondents.

BENJAMIN, J. We are here presented with the primary question as to whether the Nassau County Department of Probation is a part of the unified court system of the State of New York. We hold that it is.

Prior to August 31, 1971 the petitioners were provisional competitive employees with the job title of Account Clerk in the Nassau County Department of Probation. On September 1, 1971, chapter 387 of the Laws of 1971 became effective. That enactment, in effect, transferred supervision over various county probation departments from the Administrative Board of the Judicial Conference to the boards of supervisors or county legislatures of the counties.

In October, 1972, the petitioners received a form letter advising them of a change in title. That letter provided:

" On September 1, 1971 the Probation Department returned to the jurisdiction of the Nassau County Civil Service Commission.

" Under the Judicial Conference the title of your position was:

ACCOUNT CLERK — Grade 6

" In the County service this title is comparable to:

CLERK II — Grade 6

" You will carry with you in your new County title the same status you had under the Judicial Conference.

" Notification of your status will be forthcoming shortly. At such time a determination will be made as to whether you must take an examination to retain this title."

In April, 1973 the Nassau County Civil Service Commission adopted a plan for the staggered termination of the petitioners' employment.

In their answer to the petition, the respondent County of Nassau, Nassau County Civil Service Commission and Director of Probation of Nassau County admitted that the petitioners' job titles had been changed, but alleged that their duties remained similar. An examination was given for their positions, from which an eligible list was compiled. The petitioners either failed the examination or were not reached on the eligible list. Their employment was terminated because provisional employees cannot be retained following the promulgation of an eligible list, unless the list is exhausted.

Following their termination they commenced this proceeding pursuant to article 78 of the CPLR seeking rescission of the termination of their employment and to compel their reinstatement. They appeal from a judgment dismissing their petition.

The unified court system was created by the adoption of article VI of the State Constitution, which became effective on September 1, 1962. No mention of probation departments or of any other ancillary or auxiliary departments is specifically made in that article, although section 28 thereof vests the Administrative Board of the Judicial Conference with authority and responsibility for the administrative supervision of the unified court system, with the Appellate Divisions to supervise the operation and administration of the courts in their respective departments. Section 33 of article VI authorizes the Legislature to enact laws not inconsistent with the article which are necessary or desirable in promoting its objectives. Therefore, if county probation departments are held to be constitutionally part of the unified court system, legislation transferring administrative supervision out of the judiciary to county governments is unconstitutional.

Section 938-d of the former Code of Criminal Procedure took effect in April, 1950 (L. 1950. ch. 753, § 1). That statute conferred authority upon the County Judges and the Judges of the Family Court of Nassau County to appoint a County Director and Deputy Directors of the Probation Department. The County Director was given the power of appointment of personnel, while the Board of Supervisors had the power to fix salaries. Section 938-d lapsed on September 1, 1971 when it was not carried over into the new Criminal Procedure Law.

In *Matter of Crowley* v. *Milone* (55 Misc 2d 660, affd. 31 A D 2d 928) the court in 1967 noted that the County and Family Courts were expressly included within the unified court system. As a result, it concluded that the various departments subject to the direction and control of those courts, and particularly the

Nassau County Probation Department, had come under the responsibility of the Administrative Board of the Judicial Conference. The court went on to note that such was also the legislative understanding, as evidenced by article 7-A of the Judiciary Law, whose effective date was the same as that of article VI of the State Constitution. Section 218 of the Judiciary Law provided for co-ordination of auxiliary services among the courts of the several Judicial Departments as the Appellate Divisions may direct.*

Therefore, on September 1, 1962 the Nassau County Probation Department became a part of the unified court system. Such a placement of that department accords with reason, common sense and the integrity of the judiciary. Probation departments are limited in their function to the providing of ancillary services to the courts. The confidentiality of the relationship between the courts and such departments requires close control over their administration by the courts. The placing of administrative authority in the courts over ancillary services by virtue of the extensive court reorganization in 1962 was no mean accomplishment and certainly not one which should be whittled away at by the Legislature.

The case of *McCoy* v. *Helsby* (34 A D 2d 252, affd. 28 N Y 2d 790, 791) presented the question whether the Taylor Law (Civil Service Law, art. 14) could be applied to nonjudicial employees of the unified court system. The particular employees there involved were probation officers of the New York City Probation Department. In its memorandum decision affirming that the employees so involved could be subjected to the provisions of the Taylor Law, the Court of Appeals commented in 1971 (p. 791): '' We would only add that the subjection of the [administrative] board to certain legislative action, such as the Taylor Law, does not derogate its basic administrative control over the court system, but, rather, only requires the board to be subject to certain reasonable limitations in the exercise of this power. *It may be that some future legislative action would so deeply cut at the basic fibre of administrative power as to be violative of section 28 of article VI of the Constitution.* The application of the Taylor Law, however, is not such a case '' (emphasis added).

We are here presented with an action of the type envisioned by the Court of Appeals. The act before us for review has not

* Although section 2 of chapter 387 of the Laws of 1971 provides, *inter alia,* that it supersedes article 7-A of the Judiciary Law where the two laws are in conflict, we hold that chapter 387 is unconstitutional to the extent indicated herein.

only "deeply cut at the basic fibre of administrative power" of the judiciary, it has divested the judiciary of such power. Insofar as chapter 387 of the Laws of 1971 places supervision and control of the Nassau County Probation Department in the county rather than in the judiciary, it is violative of section 28 of article VI of the State Constitution. The Legislature clearly lacks the power to interfere with the judiciary's supervisory control of the unified court system, of which the Nassau County Probation Department was, and is, an integral part. We do not, of course, invalidate such provisions of chapter 387 as create such departments.

Accordingly, the judgment appealed from should be reversed, on the law, with $20 costs and disbursements to appellants against the respondent county, county agency and county official, the termination of the petitioners' employment annulled, effective as of May 17, 1973, and said respondents enjoined from interfering with petitioners' employment.

GULOTTA, P. J., MARTUSCELLO and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered October 12, 1973, reversed, on the law, with $20 costs and disbursements to appellants against the respondent county, county agency and county official, the termination of petitioners' employment is annulled, effective as of May 17, 1973, and said respondents are enjoined from interfering with petitioners' employment.